3

United States District Court
Southern District of Texas
ENTERED

APR 1 0 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

RAUL G. GONZALEZ,               §
Plaintiff,                      §
                                §
v.                              §          MISC. NO. B-02-07
                                §
T-CON, INC.,                    §
Defendant.                      §

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Raul G. Gonzalez has filed a complaint pursuant to Title VII of the Civil Rights Act of

1964, and alleges Employment Discrimination. For the reasons set out below, Plaintiff's Title

VII claims should be DENIED.

### BACKGROUND

Plaintiff was employed by the Brownsville Urban System ("BUS") as a bus mechanic.

BUS's management was transferred to Ryder MLS, a management company. Ryder MLS did

not meet fiscal expectations, and the contract between BUS and Ryder MLS was terminated. T-

Com, Inc. (also referred to as TE Com in Plaintiff's complaint), took over the management

operations of BUS. T-Com transferred Plaintiff Gonzalez to a new department that was

responsible for truck and automobile maintenance. Plaintiff felt that he was unqualified to work

on automobiles. Gonzalez requested additional training, but T-Com did not comply. Fearing

that he would jeopardize his position and reputation as a good mechanic, Gonzalez felt pressure

to resign. Additionally, Gonzalez claims he resigned because he was concerned that his

inexperience in his new position would undermine the safety of the drivers.

Plaintiff Gonzalez feels he was intentionally transferred and placed in a department where

he would have difficulty performing. He feels that his age was also a factor in the company's decision to transfer him.

Plaintiff originally filed his complaint with the Equal Employment Opportunity Commission ("EEOC"), which dismissed his claims as untimely. Due to the fact that Plaintiff's complaint was dismissed as untimely by the EEOC, this court does not have subject matter jurisdiction and the Title VII suit should be dismissed without the necessity of requiring the Defendant to answer.

## LAW

Federal subject matter jurisdiction is conferred upon a district court in employment discrimination cases when a plaintiff complies with the procedural requirements of 42 U.S.C. § 2000e-5(f)(1). The requirements of § 2000e-5(f)(1) mandate that a plaintiff must file an employment discrimination complaint with the EEOC within 180 days of the occurrence of the alleged unfair practice.[1] Thereafter, the Commission may sue or issue a "Right to Sue" letter.[2] Upon receipt of the "Right to Sue" letter, Plaintiff must file suit in federal district court within 90 days.[3] Any failure to comply with these requirements deprives the district court of subject matter jurisdiction.[4]

## ANALYSIS

Plaintiff Gonzalez's complaint under Title VII was filed on March 6, 2002. Among the

---

[1] See 42 U.S.C. § 2000e-5(f)(1).

[2] Id.

[3] See Dixon v. Universal Atlas Cement Division, 437 F. Supp. 1071, 1073 (W.D. Pa 1977).

[4] See Simmons v. South Carolina State Ports Authority, 694 F.2d 63, 64 (4th Cir. 1982).

2

papers filed with the petition is a "Dismissal and Notice of Rights" which was sent to Gonzalez by the EEOC on December 12, 2001. The document informs Plaintiff Gonzalez that his claims are being dismissed by the EEOC because the claim was not filed within the time limit required by law.

Gonzalez's claims arose on November 3, 2000, and he filed his claim with the EEOC on September 21, 2001. Gonzalez had until May 3, 2001, in which to file his complaint with the EEOC, as required by § 2000e-5(f)(1). Due to the fact that his complaint was filed more than 120 days after the limitation period had expired, Gonzalez has not complied with the requirements of § 2000e-5(f)(1). As such, this Court does not have subject matter jurisdiction and should dismiss Plaintiff's petition.

Plaintiff's only explanation for his failure to comply with the filing requirements are based on allegations that unknown persons at an undisclosed period of time "didn't show me how to fill out the paper work." This explanation falls short of justifying Plaintiff's failure to comply with established federal law.

## RECOMMENDATION

For the reasons stated above, it is recommended that Plaintiff's Title VII claims be DENIED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

3

a failure to object.[5]

       DONE at Brownsville, Texas, this ___10th___ day of April, 2002.


                                     _____
                                     Felix Recio
                                     United States Magistrate Judge

---

[5] Douglass v. United States Automobile Association, 79 F.3d 1415 (5th Cir. 1996).